IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN SHAW, | No. 09-00077 CW |
|     Plaintiff, | ORDER GRANTING RESPONDENT'S MOTION TO DISMISS (Docket No. 16) |
|   v. | |
| ROBERT K. WONG, WARDEN, | |
|     Respondent. | |

On January 8, 2009, Petitioner John Shaw, a California state prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On October 20, 2009, Respondent filed a motion to dismiss the petition based on failure to exhaust state remedies. Petitioner filed two identical oppositions on December 14, 2009 and December 21, 2009. On January 26, 2010, Respondent filed a reply. Having considered all the papers submitted by the parties, the Court GRANTS Respondent's motion to dismiss.

BACKGROUND

Petitioner John Shaw, also known as John Hsia, was tried by a jury and found guilty of three counts of grand theft, two counts of forgery, three counts of using personal identifying information

without authorization, three counts of recording a false instrument, one count of conspiracy, one count of attempting to dissuade a witness, and one count of false application for a driver's license.  The jury also found two excessive taking enhancements.  The trial court sentenced Petitioner to a term of fourteen years and four months.

Petitioner filed a timely appeal to the California court of appeal.  On January 14, 2008, the appellate court affirmed the trial court's judgment.  On February 14, 2008, Petitioner filed a petition for review in the California Supreme Court, asserting two claims: (1) insufficient evidence to convict on counts 9 and 10 -- conspiracy to dissuade a witness and dissuading a witness -- and (2) failure by the trial court to strike an excessive taking enhancement.  The petition was denied on April 9, 2008.

On January 8, 2009, Petitioner filed this federal habeas petition.  Petitioner asserts the following: (1) Petitioner was denied his "right to confrontation" because the prosecutor failed to provide a copy of the arrest report, failed to question a witness's inconsistent testimony and did not explain why a witness had been placed on the witness list; (2) Petitioner was not read his <u>Miranda</u> rights at the time of his arrest; (3) Petitioner was not told what crimes he was charged with and was detained for months without being informed of his status; (4) Petitioner's trial counsel was ineffective because counsel failed to depose or call witnesses who were crucial to Petitioner's defense; (5) the prosecution presented fraudulent evidence; (6) there was insufficient evidence to prove the false application for a driver's

2

license; (7) Petitioner was "selectively targeted" for prosecution,; (8) the prosecution conspired to defraud Petitioner of his civil rights; (9) the prosecution relied on inconsistent theories regarding a particular piece of evidence; and (10) Petitioner was denied access to a translator and was unable to assist in his defense due to his limited knowledge of the English language.  He does not assert the two claims that he raised before the California Supreme Court.

Respondent moves to dismiss all of Petitioner's claims based on failure to exhaust state remedies.

## LEGAL STANDARD

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court.  28 U.S.C. § 2254 (b), (c); Granberry v. Greer, 481 U.S. 129, 133-34 (1987); Rose v. Lundy, 455 U.S. 509, 515 (1982).

The exhaustion-of-state-remedies doctrine reflects a policy of federal-state comity "to give the state the initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights."  Picard v. Connor, 404 U.S. 270, 275 (1971).  The exhaustion requirement is satisfied only if the federal claim has been "fairly presented" to the state courts.  Id.; Peterson v. Lampert, 319 F.3d 1153, 1155 (9th Cir. 2003)(en banc).  The

3

1  exhaustion requirement may also be satisfied if no state remedy
2  remains available. Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir.
3  1996). A federal district court must dismiss a federal petition
4  containing any claim as to which state remedies have not been
5  exhausted. Rhines v. Webber, 544 U.S. 269, 273-74 (2005).
6      For purposes of exhaustion, pro se petitions may, and
7  sometimes should, be read differently from counseled petitions.
8  Sandgathe v. Maass, 314 F.3d 371, 378 (9th Cir. 2002) (holding that
9  neither confused arguments nor poor lawyering will necessarily
10 defeat a pro se petitioner's otherwise adequate efforts to assert a
11 federal claim in state court); Peterson v. Lampert, 319 F.3d 1153,
12 1159 (9th Cir. 2003) (en banc) ("[T]he complete exhaustion rule is
13 not to trap the unwary pro se prisoner.").

DISCUSSION

I. Exhaustion

Respondent argues that none of Petitioner's claims were properly presented to the California Supreme Court and therefore none were exhausted. In support of the motion, Respondent has filed a copy of the opinion of the California court of appeal affirming the judgment of conviction, and of Petitioner's petition for review filed in the California Supreme Court. This documentation shows that Petitioner did not exhaust the claims he asserts in his federal habeas petition; neither of Petitioner's claims in his petition for review appear in his federal habeas petition. Petitioner's opposition essentially restates the claims in his federal habeas petition. Therefore, his petition must be dismissed because all his claims are unexhausted.

4

Accordingly, the Court GRANTS Respondent's motion to dismiss.

## II. Certificate of Appealability

The federal rules governing habeas cases brought by state prisoners have recently been amended to require a district court that dismisses or denies a habeas petition to grant or deny a certificate of appealability in its ruling. See Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (effective December 1, 2009).

For the reasons stated above, Petitioner has not shown "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Accordingly, a certificate of appealability is DENIED.

## CONCLUSION

The instant action must be dismissed because none of Petitioner's claims in his federal habeas petition have been exhausted in state court. The Court GRANTS Respondent's motion to dismiss (Docket No. 16) and DENIES a certificate of appealability.

Dated September 17, 2010

CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

JOHN SHAW,

        Plaintiff,

v.

STATE OF CA et al,

        Defendant.

Case Number: CV09-00077 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 17, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

John Shaw G60830
AKA John Hsia
Ironwood State Prison
CFBI-140L
P.O. Box 2199
Blythe, CA 9222-2199

Dated: September 17, 2010

        Richard W. Wieking, Clerk
        By: Ronnie Hersler, Adm. Law Clerk