IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN SHAW,

    Petitioner,

  v.

ROBERT K. WONG, WARDEN,

    Respondent.
                                   /

No. 09-00077 CW

ORDER DENYING MOTION TO VACATE

(Docket No. 26)

    Petitioner, proceeding pro se, filed a petition for a writ of habeas corpus pursuant to title 28 U.S.C. § 2254. Now before the Court is Petitioner's motion to vacate the Court's Order granting Respondent's motion to dismiss the petition. The motion is DENIED for the reasons discussed below.

DISCUSSION

A. Legal Standard

    Where the district court's ruling has resulted in a final judgment or order, a motion for reconsideration of the Court's ruling may be based on Rule 60(b) of the Federal Rules of Civil Procedure. See Am. Ironworks & Erectors v. N. Am. Constr. Corp., 248 F.3d 892, 898-99 (9th Cir. 2001). Motions for reconsideration should not be frequently made or freely granted; they are not a substitute for appeal or a means of attacking some perceived error of the court. See Twentieth Century-Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981). "'[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Pyramid Lake Paiute Tribe of Indians v. Hodel, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (citation omitted).

B.   Analysis

Petitioner moves to vacate the Court's Order of dismissal on the ground the Court erred by not appointing counsel to represent him. The motion is without merit, for the following reasons.

Petitioner filed the present petition on January 8, 2009. The petition was seventeen pages long, raised ten claims and included a detailed statement of each claim and supporting evidence. Docket no. 1.

Together with the petition, Petitioner filed a motion requesting the appointment of counsel and stating, "Presently under the conditions of incarceration I can not adequately facilitate copying of documents, proper service or engage in the investigative processes to properly proceed before this Court." Docket no. 3 at 1. The Court denied the motion, finding that

> [a]t this early stage of the proceedings the Court is unable to determine whether the appointment of counsel is mandated for Petitioner. Accordingly, the interests of justice do not require appointment of counsel at this time, and Petitioner's request is DENIED. This denial is without prejudice to reconsideration should the Court on its own motion find an evidentiary hearing necessary following consideration of the merits of Petitioner's claims.

Docket no. 6 at 2:11-17.

Thereafter, the Court issued an Order directing Respondent to show cause why the petition should not be granted. In response, Respondent filed a motion to dismiss the petition as wholly unexhausted, Petitioner filed an opposition to the motion, and Respondent filed a reply. Docket nos. 16-19. On September 17, 2010, the Court granted Respondent's motion to dismiss the petition and entered a judgment of dismissal without prejudice. Docket nos. 21, 22. Approximately two weeks later, Petitioner informed the

1  Court of his intent to return to state court to exhaust his claims.
2  Docket no. 23.
3      On July 5, 2011, Petitioner filed the present motion to
4  vacate, in which he explains that in October 2010, after undergoing
5  a number of tests, he was identified as a visually impaired inmate,
6  which means he is entitled to receive certain accommodations for
7  his disability, including a magnifying glass and "large printed"
8  legal materials.  Docket no. 26 at 2.  Petitioner appears to assert
9  that the Court should have appointed counsel to represent him
10 because, as a result of his disability, he cannot "access [ ] state
11 remedies."  Id. at 3.
12     The Court finds no error has been committed that requires the
13 Court to vacate the Order of dismissal.  Specifically, prior to
14 Petitioner's filing the instant motion, no information concerning
15 Petitioner's visual impairment was brought to the Court's attention
16 either in the petition, the motion for appointment of counsel, the
17 opposition to the petition or any other document filed by
18 Petitioner in this case.  Further, Petitioner has not shown how the
19 appointment of counsel would have resulted in a finding different
20 than the one reached by the Court regarding Petitioner's
21 unexhausted claims.
22     Accordingly, the motion to vacate is DENIED.  Once Petitioner
23 has exhausted state remedies as to all claims he wishes to bring in
24 federal court, he may file a new federal habeas corpus petition.
25     This Order terminates Docket no. 26.
26     IT IS SO ORDERED.
27 Dated: 3/13/2012

_____
CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE